UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALLEN TRAPP,

                Plaintiff,

v.

MICHIGAN STATE POLICE, and
DETROIT POLICE DEPARTMENT,

                Defendants.
_____/

Civil Action No. 25-12150

Susan K. DeClercq
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AND TO DENY AS MOOT MICHIGAN STATE POLICE'S MOTION TO DISMISS (ECF No. 11)

**I.      REPORT**

**A.      Background**

On July 15, 2025, *pro se* plaintiff Joseph Trapp ("Trapp") filed a complaint in this case against two defendants, the Michigan State Police ("MSP") and the Detroit Police Department ("DPD").  (ECF No. 1). Trapp's complaint, while sparse, appears to allege claims for illegal search and seizure, breaking and entering, slander, and violation of his rights under the Americans with Disabilities Act. (*Id.*, PageID.4).  On October 15, 2025, the MSP filed a motion to dismiss, which motion remains pending before the Court. (ECF No. 11).[1]

In his complaint, Trapp alleges that

---

[1] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 7).

> [t]he state polie [sic] and detroit police broke in my front door.  About 20 people came into my apt….only 1 person had a badge, 2 had state police vests, 1 had a police vest, the rest of the people had on every day clothes…  My door was distroided [sic], they never said police, all of my phones, even medical phones, were taken, I have a loop recorder in my chest, I showed the card that I have to carry from Boston Scientific I was told that my health did not matter and it was taken with all the rest of my phones and 2 computers.

(ECF No. 1, PageID.5).[2]

On October 17, 2020, this Court issued an order directing Trapp to file a response to MSP's motion on or before November 15, 2025.  (ECF No. 12).  In that Order, the Court warned Trapp that "**[f]ailure to file a timely response may result in a recommendation that Defendant's motion be granted and/or that [his] case be dismissed**."  (*Id.*, PageID.47) (emphasis in original).  Subsequently, the Court granted Trapp's motion for an extension of time (ECF No. 13) and permitted him an additional month – until December 15, 2025 – to respond to MSP's dispositive motion.  (ECF No. 14).  Again, the Court warned Trapp that "**[f]ailure to file a timely response may result in a recommendation that Michigan State Police's motion be granted and/or that [his] case be dismissed**." (*Id.*, PageID.53) (emphasis in original).  On December 22, 2025, the Court granted Trapp's second request for more time and gave him yet another month – until January 23, 2026 – to respond to MSP's dispositive motion.  (ECF No. 17).  Again, the Court warned Trapp that his "**[f]ailure to file a timely response may result in a recommendation that Michigan State Police's motion be granted and/or that [his] case be dismissed.**"  (*Id.*,

---

[2] Trapp attached to his complaint a copy of an April 17, 2025 search warrant authorizing police to search his apartment and his person for evidence of certain criminal activity.  (*Id.*, PageID.9-10). It appears that the search took place on April 24, 2025.  (*Id.*, PageID.11).

PageID.61-62) (emphasis in original).  To date, however, Trapp has not filed a response to the MSP's motion to dismiss.

On December 22, 2025, the Court issued an Order to Show Cause, ordering Trapp to explain "why his claims against the Detroit Police Department should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted." (ECF No. 18, PageID.66).[3]  The Court instructed Trapp to respond on or before January 23, 2026, and warned him that "**[f]ailure to file a timely response may result in a recommendation that any claims against the Detroit Police Department be dismissed.**" (*Id.*) (emphasis in original).  To date, however, Trapp has not responded to the Court's Order to Show Cause.

### B.     Applicable Legal Standards

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary

---

[3] In short, the Court explained that the DPD is not a proper defendant because a municipality's police department is an agency of the municipality, not a "separate legal entit[y] against which a suit can be directed." *Burton v. Sanders*, No. 20-11948, 2021 WL 168543, at *3 (E.D. Mich. Jan. 19, 2021).  *See also Boykin v. Van Burn Twp.*, 479 F.3d 444, 450 (6th Cir. 2008) (finding that "under Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant.").  The Court also explained that even construing Trapp's claims to be asserted against the City of Detroit, those claims appeared to fail.  First, the Court explained that to succeed on his Section 1983 claims, Trapp was required to allege that "some custom, policy, legislative enactment, or decision adopted and promulgated by Detroit officials caused a municipal employee to violate his constitutional rights," yet Trapp's complaint contains no such allegations.  *Plummer v. Detroit Police Dep't*, No. 2:17-CV-10457, 2017 WL 1091260, at *3 (E.D. Mich. Mar. 23, 2017).  *See also D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 692 (1978)).  Second, the Court explained that Trapp's ADA claim appears to fail because he at most claims that he suffered from various medical conditions and that the seizure of his phone pursuant to the search warrant put him in danger as he would have no way to "call for help" should the need arise, but he does not proffer any facts, such as knowledge by the DPD of his medical conditions, that would plausibly subject it to liability on that claim.  (ECF No. 1, PageID.6).

dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] which merely authorizes a motion by the defendant nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

### C.        Discussion

#### i.   *Michigan State Police*

Based on an evaluation of the four factors described above, Trapp's claims against the Michigan State Police should be dismissed.  With respect to the first factor, it is not clear whether Trapp's failure to respond to MSP's motion to dismiss is due to willfulness, bad faith, or fault.  However, the Court notes that Trapp has not participated in this case in any meaningful way in more than six months.  Specifically, after being ordered to respond to MSP's motion to dismiss (ECF No. 12), and twice moving the Court for an extension of time to file his response (ECF Nos. 13, 16), which requests were granted (ECF Nos. 14, 17), Trapp never responded to MSP's motion.  Thus, the first[4] factor weighs in favor of dismissal.

As to the second factor, MSP is prejudiced by having this action pending against it without it being advanced to a timely conclusion due to Trapp's apparent abandonment of his claims.  The Court is sympathetic to MSP's plight, as it has been forced to expend time and resources researching and drafting its motion to dismiss, despite the fact that Trapp apparently is not inclined to pursue his case.

Finally, the third and fourth factors weigh heavily in favor of dismissal, as Trapp was given clear warnings that his failure to respond to MSP's motion could result in the

---

[4] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

dismissal of his claims.  As set forth above, in the Order Requiring Response, as well as in both Orders granting Trapp's motions for continuance, the Court expressly advised Trapp that his failure to file a response to MSP's motion to dismiss may result in a recommendation that his case be dismissed.  Given these facts, the Court sees no utility in imposing a sanction short of dismissal.

Thus, all four of the factors weigh in favor of dismissal for failure to prosecute. Accordingly, Trapp's claims against defendant MSP should be dismissed and MSP's motion to dismiss (ECF No. 11) should be denied as moot.

### ii.  *Detroit Police Department*

As discussed in the Court's Order to Show Cause (ECF No. 18), 28 U.S.C. § 1915(e)(2) requires the Court to *sua sponte* dismiss a case if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Again, the Court explained in detail in that Order to Show Cause why it appeared that Trapp's complaint failed to state a claim for relief against the DPD.  (ECF No. 18, PageID.63-66). *See supra* at 3 n.3.  Thus, on December 22, 2025, the Court ordered Trapp to show cause by January 23, 2026, why his claims against the DPD should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief, and warned him that his failure to timely file a response to the Order to Show Cause could **"result in a recommendation that any claims against the Detroit Police Department be dismissed."**  (ECF No. 18, PageID.66) (emphasis in original).

Trapp never responded to the Order to Show Cause, and he appears to have

abandoned his claims against the DPD.  The factors the Court must consider favor dismissing Trapp's claims against the DPD.  As with respect to the MSP, it is unclear whether Trapp's failure to respond to the Court's Order to Show Cause is due to willfulness, bad faith, or fault.  Regardless, the DPD cannot be expected to defend against a case that Trapp appears to have abandoned.  *White*, 2008 WL 2216281, at *5.  Second, although the DPD has not yet appeared in the case, it clearly would be prejudiced if it were forced to litigate a case Trapp has shown no interest in pursuing.  Finally, the Court explained to Trapp the significant apparent fatal shortcomings of his claims against the DPD and expressly warned Trapp that those claims could be dismissed if he failed to adequately respond to the Order to Show Cause.  Yet, Trapp filed no response.  Given these facts, the Court sees no utility in imposing a sanction short of dismissal.

Thus, all four of the factors weigh in favor of dismissal for failure to prosecute. Accordingly, Trapp's claims against defendant DPD should be dismissed.

## II.     RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Trapp's claims against the Michigan State Police and the Detroit Police Department be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).  **IT IS FURTHER RECOMMENDED** that the Michigan State Police's motion to dismiss **(ECF No. 11)** be **DENIED AS MOOT**.  **IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

Dated: March 18, 2026                           s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2026.

s/Eddrey O. Butts

EDDREY O. BUTTS
Case Manager